CALLIE A. BJURSTROM (STATE BAR NO. 137816)
MICHELLE A. HERRERA (STATE BAR NO. 209842)
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Telephone: (619) 544.3107
Facsimile: (619) 819-4363
Email: callie.bjurstrom@pillsburylaw.com
       michelle.herrera@pillsburylaw.com

Attorneys for Plaintiff
PACIFIC DIGITAL GROUP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC DIGITAL GROUP, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE MEDIA MARKETING, a California corporation; WILLIAM SEN, an individual; and CONNOR BRINGAS, an individual.<br><br>Defendants. | Case No. **'20CV1976 AJB BGS**<br><br>COMPLAINT FOR (1) LANHAM ACT FALSE ADVERTISING AND UNFAIR COMPETITION (15 U.S.C. § 1125(a)(1)); (2) BREACH OF EMPLOYEE PROPRIETARY INFORMATION AND INVENTIONS AGREEMENT; (3) BREACH OF INFORMATION FOR TERMINATING EMPLOYEES REGARDING INVENTIONS AND PROPRIETARY INFORMATION (4) BREACH OF CONFIRMATION REGARDING PROPRIETARY INFORMATION; AND (5) BREACH OF SETTLEMENT AGREEMENT.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, PACIFIC DIGITAL GROUP, INC. ("PACIFIC"), brings this action against BLUE MEDIA MARKETING, a California corporation ("BLUE MEDIA," WILLIAM SEN, an individual ("SEN") and CONNOR BRINGAS, an individual ("BRINGAS"). BLUE MEDIA, SEN and BRINGAS are sometimes collectively referred to as "Defendants." PACIFIC alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. PACIFIC is a corporation organized and existing under the laws of the State of California and has its principal place of business in San Diego, California.

2. PACIFIC is informed and believes and thereon alleges that Defendant BLUE MEDIA is a corporation organized and existing under the laws of the State of California, and has its principal place of business in La Mesa, California.

3. PACIFIC is informed and believes and thereon alleges that Defendant SEN is a co-founder of BLUE MEDIA, is the Chief Executive Officer, Chief Financial Officer and a Director of BLUE MEDIA, and resides in La Mesa, California.

4. PACIFIC is informed and believes and thereon alleges that Defendant BRINGAS is a co-founder of BLUE MEDIA, is the Secretary and a Director of BLUE MEDIA, and resides in Lake Elsinore, California.

5. This is a civil action for damages and injunctive relief.  This Court has jurisdiction over the subject matter of this action under one or more of the following statutes:  28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (Lanham Act); and 15 U.S.C. § 1121 (original jurisdiction of district courts for all actions arising under the Lanham Act).

6. This Court has personal jurisdiction over Defendants.  On information and belief, Defendants advertise and transact business throughout the United States, including in the State of California, and specifically in this judicial district.  Defendants have purposefully availed themselves of doing business in this judicial district by, among other things, advertising and promoting their business to consumers in this district.  Defendants have also engaged in continuous acts of false advertising and unfair competition within the State of California, including within this judicial district, and have caused injury to PACIFIC in this district as a result of such conduct.

4828-7775-9179.v2

7. Venue is proper in this judicial district because Defendants are subject to personal jurisdiction in this district, because PACIFIC resides in this district, and because the damages suffered by PACIFIC were suffered, at least in part, within this district.

## GENERAL ALLEGATIONS

**Pacific Digital, Inc.**

8. PACIFIC is a Search Engine Optimization ("SEO") company founded in 2012. PACIFIC is based in San Diego and conducts business in interstate commerce throughout the United States. PACIFIC also has offices in London and Mexico City that serve clients in the United Kingdom and Latin America, respectively.

9. PACIFIC is both an agency and a consultancy and draws from its broad knowledge of the marketing industry to create individualized and sophisticated tools to enhance its clients' virtual marketing efforts. PACIFIC has a diverse and dynamic set of experts that help clients successfully navigate the digital world and the real word, so that its clients have enhanced capabilities to attract customers.

10. PACIFIC helps clients find their ideal customers by building and scaling personalized experiences that allow PACIFIC to take its clients' brand recognition to the next level. PACIFIC has a talented team that delivers effective, easily managed, and compelling digital marketing efforts. PACIFIC prides itself on offering a fresh perspective to sophisticated data platforms and creative solutions. PACIFIC offers a suite of services to its customers and potential customers directed to producing, managing and scheduling content whether that content is print, video or other media messaging.

**Defendants Connor Bringas and William Sen**

11. In October 2013, PACIFIC hired BRINGAS, initially as an SEO Manager and later promoted him to SEO Supervisor. PACIFIC hired SEN in

4828-7775-9179.v2

1  December 2015, as Director of Software Engineering and SEO Manager. BRINGAS and SEN worked closely together, primarily on developing SEO software tools for both PACIFIC and its clients. In their positions at PACIFIC, BRINGAS' and SEN's time, talent and energies were to be entirely directed to and focused on developing PACIFIC's business and product offerings. BRINGAS and SEN were well compensated.

12. As a condition of their employment, both BRINGAS and SEN signed an Employee Proprietary Information and Inventions Agreement (the "EPIIA") with PACIFIC whereby they agreed to assign, and by operation of law did assign, to PACIFIC all right, title and interest in and to any inventions made, conceived, reduced to practice or learned by them during their employment with PACIFIC, along with all related proprietary information.

13. The EPIIA excludes from its scope "Prior Inventions," as that term is defined therein, made prior to the start of employment with PACIFIC. To avoid any uncertainty surrounding prior inventions and inventions conceived and developed during their employment with PACIFIC, BRINGAS and SEN were asked to provide PACIFIC with a complete list of prior inventions that they alone, or in conjunction with others, conceived, developed or reduced to practice or caused to be conceived, developed or reduced to practice prior to the commencement of their employment with PACIFIC. Such inventions were intended to be those that BRINGAS and SEN wished to have treated as their separate and distinct property or the property of third parties and therefore outside of the scope of the EPIIA.

14. Despite being provided with the opportunity to do so, neither BRINGAS nor SEN provided a prior inventions disclosure to PACIFIC. Neither BRINGAS nor SEN identified any inventions that they claimed were their separate property or the property of third parties with which they were affiliated. The

4828-7775-9179.v2

EPIIA expressly states that if no prior inventions are disclosed, BRINGAS and SEN represent and warrant that no prior inventions exist.

15. In addition, by signing the EPIIA, BRINGAS and SEN agreed that during the period of their employment with PACIFIC, they would not engage in any employment or business activity that would compete or otherwise conflict with, PACIFIC's business, without first obtaining PACIFIC's express written consent.

16. Upon termination of their employment with PACIFIC, BRINGAS and SEN were required to deliver to PACIFIC all drawings, notes, memoranda, devices, formulas and documents, together with all copies, and any other material containing or disclosing any "Company Inventions" as that term is defined in the EPIIA.

17. BRINGAS and SEN terminated their employment with PACIFIC in early May of 2017.

18. On May 3, 2017, and in connection with their departure from PACIFIC, both BRINGAS and SEN signed a document entitled "Information for Terminating Employees Regarding Inventions and Proprietary Information Confirm with NDA (the "NDA").

19. By signing the NDA, BRINGAS and SEN acknowledged their obligations with respect to PACIFIC's inventions and proprietary information. The NDA reminded BRINGAS and SEN of their obligation to:

    a. Not use or disclose any confidential information belonging to PACIFIC;

    b. Return all company or third party documents or other things, including all software, in their possession by virtue of their employment with PACIFIC, including anything that discloses or embodies any confidential or proprietary information; and

   c. Disclose to PACIFIC all inventions, discoveries, or improvements conceived or made while an employee of PACIFIC.

20. Upon separation from PACIFIC, BRINGAS and SEN also signed a Certification under penalty of perjury declaring that they:

   a. Permanently deleted and destroyed all Company Proprietary Information as that term is defined in the EPIIA.

   b. Had no present access to any PACIFIC proprietary information;

   c. Had not shared any PACIFIC proprietary information with any person or entity, and would not use PACIFIC proprietary information in the future.

   d. Were not aware of any other individual in possession of PACIFIC proprietary information;

   e. Would comply in all respects with their previously signed NDAs; and

   f. Had not contacted and would not contact any customers or clients of PACIFIC with respect to PACIFIC business matters and would not communicate with PACIFIC customers regarding their termination and departure from the PACIFIC.

21. Soon after BRINGAS and SEN's separation from PACIFIC, BRINGAS, SEN and PACIFIC asserted claims against one another related to BRINGAS and SEN's employment with PACIFIC. PACIFIC had discovered that BRINGAS and SEN, while employed at PACIFIC, filed Articles of Organization for a limited liability company by the name of Gosub Media, Ltd. and started a new venture under that name that competed with PACIFIC, in direct contravention of the EPIIA that both BRINGAS and SEN signed.

22. On or about August 20, 2018, the parties resolved their disputes with one another as set forth in a Settlement Agreement and Mutual Release Agreement (the "Settlement Agreement"). The Settlement Agreement was between Gosub Media, Ltd., BRINGAS and SEN, on the one hand, and PACIFIC on the other

- 6 -

4828-7775-9179.v2

1  hand.  In exchange for the sum of $5,000 paid by BRINGAS, SEN and Gosub
2  Media, Ltd. to PACIFIC, PACIFIC released those parties from claims PACIFIC
3  had or may have had against them as of the effective date of the agreement.  As
4  further consideration for the release, BRINGAS and SEN represented that they had
5  returned to PACIFIC all property belonging to PACIFIC, including all
6  electronically stored documents or files, physical files and any other PACIFIC
7  property in their possession.  The parties agreed that the Settlement Agreement
8  specifically excluded any rights or claims that may arise after the effective date of
9  the agreement.  The Settlement Agreement specifically provides for an action to
10 enforce its terms and conditions.  Following execution of the Settlement
11 Agreement, PACIFIC considered the parties' disputes resolved.

12      23.     PACIFIC is informed and believes and thereon alleges that one week after signing the Settlement Agreement BRINGAS and SEN launched the website www.gobluemedia.com.

15      24.     In or about August and September, 2020, representatives of PACIFIC reviewed the BLUE MEDIA website and the representations made by Defendants on that website.   PACIFIC  uncovered numerous false and/or misleading statements set forth on the BLUE MEDIA website concerning the depth and breadth of experience of BLUE MEDIA, the industry experience of Defendants, Defendants' client base, and Defendants' claims that they created and/or own or have rights to certain proprietary SEO tools.  Defendants' false and misleading statements include:

   a. On the BLUE MEDIA website landing page, Defendants state:  "Blue media is an SEO Think Tank from San Diego, California since 1996." *See* www.gobluemedia.com.  PACIFIC is informed and believes and thereon alleges that BLUE MEDIA has not been in business since 1996.  The company's Articles of Incorporation filed with the California Secretary of State reflect that the company was incorporated in January

- 7 -

2018. Defendants' statement on the BLUE MEDIA website that the company has been in existence for more than 20 years is false. Further, if Defendants' statements were true, then BRINGAS and SEN, the only officers and directors of BLUE MEDIA, were working for both BLUE MEDIA and PACIFIC at the same time in violation of their employment agreements with PACIFIC, specifically, the EPIIA and NDA that each signed.

b. Defendants claim BLUE MEDIA has been providing web development services since 1996, SEO services since 2001, SEM since 2003 and social media marketing since 2005. *See* https://www.gobluemedia.com/about-us/clients/. PACIFIC is informed and believes and thereon alleges that since BLUE MEDIA did not even exist until January 2018, Defendants' representations are patently false.

c. Defendants also identify Expedia and The Maids on their website as BLUE MEDIA clients. PACIFIC is informed and believes and thereon alleges that BLUE MEDIA has never performed any work for either Expedia or The Maids. Both Expedia and The Maids are PACIFIC clients.

d. Defendants tout that BLUE MEDIA "has been working for one of the largest travel industries and enterprises over the last 5 years." *See* https://www.gobluemedia.com/industries/seo-travel-industry/. PACIFIC is informed and believes and thereon alleges that this reference is to Expedia, a client that BLUE MEDIA represents that it works with but does not. As for BLUE MEDIA's specific claim that Defendant SEN "has been working for brands such as Expedia," *see* https://www.gobluemedia.com/blog/more-pages-better-seo-results/, again, such is not true. PACIFIC is further informed and believes and thereon alleges that Expedia has never been a client of BLUE MEDIA.

    Expedia is a client of PACIFIC.  Neither SEN nor BRINGAS worked on the Expedia account while employed by PACIFIC.  Defendants' misrepresentation about an affiliation with Expedia is blatantly false.

e. Defendants publish on their website a screenshot of their alleged "Geolocation Tool."  *See* https://www.gobluemedia.com/blog/local-seo-tools/.  This tool was developed by PACIFIC, not by BLUE MEDIA.  Defendant SEN's involvement with the development of this tool occurred while he was employed by PACIFIC.  BLUE MEDIA was never involved in the development of the "Geolocation Tool" as advertised on the BLUE MEDIA website.

f. Defendants also publish on the BLUE MEDIA website "a screenshot showing Expedia's GEO Landing Page," and a claim that "the company behind this technology is us."  *See id*.  This statement is also blatantly false.  The Expedia landing pages were designed, built, and created at PACIFIC, by PACIFIC employees, not by BLUE MEDIA.

g. Defendants publish on their website an "SEO Timeframe Example" of what an SEO campaign could look like.  *See* https://www.gobluemedia.com/blog/seo-project-management-timelines/.  What is published by Defendants is an exact copy of work product created at PACIFIC during BRINGAS and SEN's employment with PACIFIC.

h. BRINGAS and SEN were prohibited by the various agreements they signed with PACIFIC in connection with their employment, from taking, using, and/or claiming ownership of technology, tools and other confidential and proprietary information that they developed and/or had access to while working for PACIFIC.  The proprietary SEO tool and information depicted and advertised by Defendants on the BLUE MEDIA

website indicate that BRINGAS and SEN have violated the agreements each has with his former employer, PACIFIC.

### FIRST CLAIM FOR RELIEF

**(False Advertising and Unfair Competition
under the Lanham Act - 15 U.S.C. §1125(a)(1))
(Against All Defendants)**

25. PACIFIC incorporates by reference the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. The actions of Defendants as set forth herein constitute false advertising and unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1). PACIFIC is informed and believes and thereon alleges that Defendants misrepresent the nature, characteristics and qualities of BLUE MEDIA's services and commercial activities to the consuming public in violation of the Act.

27. PACIFIC is informed and believes and thereon alleges that Defendants' acts of false advertising and unfair competition are willful.  By way of example, and without limitation, Defendants advertise and promote Expedia and The Maids on their website and in their promotional activities as clients of BLUE MEDIA.  Defendants know that neither Expedia nor The Maids is a client of BLUE MEDIA.  Defendants' misrepresentations are deliberately designed to deceive and mislead the consuming public into believing BLUE MEDIA is an established SEO firm with a proven track record and marquee clients, when it is not.  Defendants are likewise aware that BLUE MEDIA is a relatively new company, having been incorporated in January 2018.  Despite this knowledge, Defendants willfully deceive and mislead the public into believing that BLUE MEDIA has been in business for decades.  The reality is that BLUE MEDIA has been in business for just over two years.  Moreover, Defendants advertise and promote on their BLUE MEDIA website a certain SEO tool that they claim to have invented.  Defendants tout "If you're interested considering [sic] using this tool, the company behind this technology is us.  Do not hesitate to contact us."  PACIFIC is informed and

believes and thereon alleges that Defendants know that the geolocation SEO tool Defendants advertise and promote on the BLUE MEDIA website is not a BLUE MEDIA tool, but in fact an SEO tool created and owned by PACIFIC.

28. As a direct and proximate result of Defendants' acts of false and misleading advertising, Defendants have caused, and will continue to cause, damage to PACIFIC, a competitor of BLUE MEDIA. The false and misleading statements by Defendants in the advertising of their services and commercial activities give BLUE MEDIA an unfair advantage when competing with PACIFIC.

29. As a result of Defendants' false advertising and acts of unfair competition, PACIFIC is entitled to recover all damages it has sustained as a result of Defendants' misconduct, and/or Defendants' profits resulting from these actions.

30. PACIFIC is also entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial. PACIFIC is further entitled to injunctive relief under the Lanham Act, 15 U.S.C. § 1116, and to all other and further forms of relief this Court deems appropriate.

31. Defendants' actions have caused, and will continue to cause, irreparable harm to PACIFIC and to the public who is deceived as to the nature, characteristics and qualities of the services offered by Defendants, unless restrained and enjoined by this Court. PACIFIC has no adequate remedy at law to prevent Defendants from continuing their acts of false advertising and unfair competition.

### SECOND CLAIM FOR RELIEF

**(Breach of Employee Proprietary Information
and Inventions Agreement)
(Against Defendants BRINGAS and SEN)**

32. PACIFIC re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 above as though set forth in full herein.

33. Defendants BRINGAS and SEN are each a party to an agreement with PACIFIC entitled "Employee Proprietary Information and Inventions Agreement (the "EPIIA").

34. Defendants BRINGAS and SEN each breached the EPIIA by, among other things:

   a. Disclosing, using, asserting ownership over and/or publishing PACIFIC's proprietary technology and information including, but not limited to, its geolocation SEO tool and SEO project management timeline; and

   b. Failing to return PACIFIC technology, documents, and proprietary information upon termination of their employment with PACIFIC.

35. PACIFIC performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the EPIIA, and any other conditions have been waived and/or excused.

36. As a direct and proximate result of Defendants BRINGAS' and SEN's breaches of the EPIIA, PACIFIC seeks an order from this Court requiring Defendants to return to PACIFIC, and to not use, the technology, documents and proprietary information (including digital copies), that remain in their possession, or under their custody or control.  This includes, but is not limited to, the geolocation SEO tool advertised on the BLUE MEDIA website, as well as the SEO project management timeline also advertised on the BLUE MEDIA website.  These tools and proprietary documents belong to PACIFIC, not to Defendants.  Defendants are using PACIFIC's proprietary tools and information without permission, in violation of their obligations to PACIFIC as set forth in the EPIIA.  By signing the EPIIA, BRINGAS and SEN agreed that PACIFIC has the right to enforce the agreement and all of its provisions by injunction, specific performance, and/or other equitable relief.

4828-7775-9179.v2

37. PACIFIC requests that the Court award PACIFIC any and all damages it has suffered and/or will suffer as a result of Defendants BRINGAS' and SEN'S breaches of the EPIIA, in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

**(Breach of Information for Terminating Employees Agreement)**
**(Against Defendants BRINGAS and SEN)**

38. PACIFIC re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37 above as though set forth in full herein.

39. BRINGAS and SEN are each a party to an agreement with PACIFIC entitled "Information for Terminating Employees Regarding Inventions and Proprietary Information Confirm with NDA" ("NDA").

40. BRINGAS and SEN breached the NDA by, among other things:
   a. Using and disclosing PACIFIC technology and tools, as well as confidential and proprietary information belonging to PACIFIC; and
   b. Failing to return to PACIFIC all company-owned technology, tools, documents, and things, including all software in their possession, custody, or control by virtue of their employment with PACIFIC.

41. PACIFIC performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the NDA, and any other conditions have been waived and/or excused.

42. As a direct and proximate result of Defendants BRINGAS' and SEN's breach of the NDA, PACIFIC seeks an order from this Court requiring Defendants to return to PACIFIC all technology, tools, and confidential and proprietary documentation and information in their possession, custody, or control, or in the possession, custody or control of BLUE MEDIA.

43. PACIFIC requests that the Court award PACIFIC any and all damages it has suffered and/or will suffer as a result of Defendants BRINGAS' and SEN's breach of the NDA, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

**(Breach of Certification Regarding
Company Proprietary Information)
(Against Defendants BRINGAS and SEN)**

44. PACIFIC re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43 above as though set forth in full herein.

45. BRINGAS and SEN each signed, under penalty of perjury, a Certification regarding PACIFIC's proprietary information.

46. BRINGAS and SEN each breached the Certification by falsely attesting, among other things, that they:

   a. Had permanently deleted and destroyed all PACIFIC technology, tools and proprietary information in their possession or under their custody or control;

   a. Had no present access to any PACIFIC technology, tools, or proprietary information; and

   b. Would not use any PACIFIC technology, tools or proprietary information in the future.

47. PACIFIC performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Certification, and any other conditions have been waived and/or excused.

48. As a direct and proximate result of Defendants BRINGAS' and SEN's breach of the Certification, PACIFIC seeks an order from this Court requiring Defendants to return to PACIFIC, all PACIFIC proprietary technology and tools, including all proprietary company documents and information in BRINGAS' and SEN'S possession, custody or control, as well as all such information and things provided by BRINGAS and SEN to BLUE MEDIA.

PACIFIC requests that the Court award PACIFIC any and all damages it suffered and/or will suffer as a result of Defendants BRINGAS' and SEN's breach of the Certification, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

**(Breach of Settlement Agreement)**

**(Against Defendants BRINGAS and SEN)**

49. PACIFIC re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 48 above as though set forth in full herein.

50. BRINGAS and SEN are parties to an agreement with PACIFIC entitled Settlement Agreement and Mutual Release of Claims ("Settlement Agreement").

51. BRINGAS and SEN breached the Settlement Agreement by, among other things, falsely representing that they returned all PACIFIC property to PACIFIC.

52. PACIFIC performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Settlement Agreement, and any other conditions have been waived and/or excused.

53. As a direct and proximate result of Defendants BRINGAS' and SEN's breach of the Settlement Agreement, PACIFIC seeks an order from this Court requiring Defendants to return to PACIFIC all PACIFIC technology, tools, documents, and other company information in their possession or under their custody or control, including all such documents and things provided by BRINGAS and SEN to BLUE MEDIA.

54. PACIFIC requests that the Court award PACIFIC any and all damages has suffered and/or will suffer as a result of Defendant BRINGAS and SEN's breach of the Settlement Agreement, including recovery of PACIFIC's attorneys'

4828-7775-9179.v2

fees and costs as permitted by the Settlement Agreement, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PACIFIC prays that it obtain a judgment against Defendants as follows:

1. That Defendants have engaged in false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1);

2. That PACIFIC is entitled to recover damages from Defendants for their acts of false advertising and unfair competition;

3. That PACIFIC is entitled to recover damages as a result of Defendants BRINGAS' and SEN's breaches of the agreements described herein, in an amount to be proven at trial;

4. That PACIFIC be awarded its attorneys' fees as permitted by the Settlement Agreement and any other agreements at issue;

5. Pre-judgment and post-judgment interest as permitted by applicable law;

6. That Defendants and their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, and all persons acting in concert, conspiring with, and/or participating with them, be preliminarily and permanently enjoined from:

    a. Falsely advertising the nature, characteristics or qualities of BLUE MEDIA's services and commercial activities;

    b. Using, disclosing and/or claiming ownership of any technology, tools, or proprietary information belonging to PACIFIC;

    c. Otherwise competing unfairly with PACIFIC in any manner actionable under Section 43(a)(1) of the Lanham Act.

7. Such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: October 7, 2020 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 3 | | |
| 4 | | By: /s/Callie A. Bjurstrom |
| 5 | | Callie A. Bjurstrom<br>Attorneys For Plaintiff<br>Pacific Digital Group, Inc. |
Dated: October 7, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/Callie A. Bjurstrom
Callie A. Bjurstrom
Attorneys For Plaintiff
Pacific Digital Group, Inc.

4828-7775-9179.v2

## **DEMAND FOR JURY TRIAL**

PACIFIC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 7, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/Callie A. Bjurstrom
Callie A. Bjurstrom
Attorneys For Plaintiff
Pacific Digital Group, Inc.

4828-7775-9179.v2